# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0604 | **DATE** | January 30, 2008 |
| **CASE TITLE** | Harold Robinson (#N-71459) vs. Michael Sheahan, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $3.74 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Robinson Correctional Center. The complaint is dismissed on initial review as to "Cook County Medical Staff" and "Cook County Officers" pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service on defendants Sheahan and Dart by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by subjecting him to multiple illegal searches and seizures. More specifically, the plaintiff alleges that following arrests on eight occasions between March 1987 and August 2000, he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis. [The plaintiff evidently opted out of a recently-resolved class action relating to the same issues. *See Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.).]

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.14. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the

**(CONTINUED)**      mjm

**STATEMENT (continued)**

clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. Warrantless searches are presumptively illegal. *See, e.g., Kyllo v. U.S.*, 533 U.S. 27, 32 (2001); *Jackson v. Sheriff of Cook County*, No. 06 C 0493, 2007 WL 917388, at *3 (N.D. Ill. Mar. 23, 2007) (Coar, J.), quoting *U.S. v. Gamble*, 473 F.2d 1274, 1276 (7th Cir. 1973). In addition, inmates have a constitutional interest in being able to decline unwarranted medical procedures. *Russell v. Richards*, 384 F.3d 444, 447 (7th Cir. 2004) (ultimately holding, however, that a jail's policy of directing new inmates to use delousing shampoo did not violate their due process right to be free from unwanted medical treatment); *Cruzan v. Dir. Missouri Dept. of Health*, 497 U.S. 261, 278-79 (1990). While a more fully developed record may establish that the challenged practice did not violate the plaintiff's constitutional rights, defendants must respond to the complaint.

However, the complaint is dismissed on initial review as to "Cook County Medical Staff" and "Cook County Officers." The court has no jurisdiction over a defendant unless he or she is properly served. After conducting discovery, the plaintiff may wish to amend his complaint to name individual correctional officers and/or health care providers who were personally and directly involved in the challenged procedures. [As an additional concern, the complaint appears to be subject to dismissal on grounds of exhaustion and timeliness; however, those are affirmative defenses that the defendants must raise.]

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees or medical staffers who no longer can be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. On this single occasion, the court has made judge's and service copies for the plaintiff. However, the plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include
**(CONTINUED)**

**STATEMENT (continued)**

a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied. The plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).