UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 0604 |
| | ) | |
| THOMAS J. DART, et al., | ) | Hon. Judge JAMES B. ZAGEL |
| | ) | Room 2503 |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS THE COMPLAINT AS UNTIMELY**
AND MEMORANDUM IN SUPPORT THEREOF

NOW COME Defendants Thomas J. Dart, Sheriff of Cook County and Michael F. Sheahan, former Sheriff of Cook County, by and through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County by his Assistant State's Attorney, Francis J. Catania, and, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted. In support thereof, the Defendants state as follows:

**INTRODUCTION AND RELEVANT FACTS DRAWN FROM THE COMPLAINT**

The Plaintiff, a prisoner incarcerated in the Illinois Department of Corrections, Robinson Correctional at the time of filing of his complaint [Complaint filed 1/28/2008 "Complaint" ¶ I], was a former pre-trial detainee at Cook County Jail. He alleges that in March 1987, January 1989, April 1991, August 1991, June 1992, November 1998, September 1999, August 2000 he was processed into the Cook County Department of Corrections and was subjected to STD

testing which involved the insertion of a Steel swab into his penis [Complaint page 6 ¶ V "Statement of Claim"].[1]

### STANDARD OF REVIEW

Under Rule 12(b) (6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A § 1983 claim does not have to meet any heightened pleading standard, but it must set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) and may also "plead themselves out of court" by averring facts that establish and affirmative defense *Hollander v. Brown,* 457 F.3d 688 (7th Cir 2006).

### I.  PLAINTIFF'S CLAIMS FOR PERSONAL INJURY/CONSTITUTIONAL INJURY ARE BARRED BY THE STATUTE OF LIMITATIONS

---

[1] A class action suit was filed regarding a similar issue as is raised by this case. In Jackson v. Sheriff of Cook County 06 CV 493, a class was certified including men who were subjected to a nonconsensual STD test from January 27, 2004 to January 10, 2007. In its August 29, 2007 order, the court extended an already expired "opt-out" period to October 8, 2007. That period was not extended and as of March 31, 2008 the claims period ended. Not only is this Plaintiff not a class member by virtue of not fitting the class period, he is also unable to "opt-out" at this stage, since the time for that has passed as well.

The time limit for bringing an action under § 1983 is governed by state law and is drawn from the limitation period provided by the forum state's personal injury statute. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). The statute of limitations for § 1983 actions in Illinois is two years. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993).

Plaintiff's § 1983 claim is time barred by application of the two-year statute of limitations period. The challenged conduct apparently leading the Plaintiff to believe the Sheriff violated Plaintiff's § 1983 rights occurred between 1989 and 2000. The complaint alleges that Plaintiff was incarcerated at the Cook County Department of Corrections "on the new" and went through the intake processing each time. Taken as true, this means plaintiff was in custody and out of custody several times during those eleven years, yet no explanation exists for his failure to timely file suit.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS FRIVILOUS

The frivolous nature of a suit provides an independent basis to dismiss. To prevent abusive or captious litigation, the statute known as the prisoner litigation reform act 28 U.S.C. § 1915(e)(2) that authorizes *in forma pauperis* litigation requires that the court dismiss any case whenever it determines that:

1. The plaintiff's allegation of poverty in his or her *in forma pauperis* affidavit is untrue;
2. The action or appeal is frivolous or malicious; or
3. The action or appeal fails to state a claim on which relief may be granted; or
4. The action or appeal seeks monetary relief from a defendant who is immune from damage awards or damage awards made by federal courts.

This formulation of the grounds for dismissal, and the statement that the court "shall" dismiss whenever there are grounds for dismissal in the 1996 Prison Litigation Reform Act is applicable here because at the time of the filing of the complaint, Plaintiff was an incarcerated person.

The plaintiff should be aware of the infirmity and frivolous nature of his or her suit where, as here, the plaintiff brings a cause of action six years after the statute of limitations has run or where suit is brought against state prosecutors who enjoy absolute immunity. See *Steinle v. Warren*, 765 F.2d 95, 101 (7th Cir. 1985); *Hamilton v. Daley*, 777 F.2d 1207, 1212 (7th Cir. 1985).

Frivolousness may be either lack of arguable legal and factual basis. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (action may be frivolous if it lacks "arguable basis in either law or fact"). A claim that is brought so late – indeed a minimum of six years late lacks an arguable basis in law and fact.

**WHEREFORE**, Defendant Sheriff of Cook County respectfully asks this Honorable Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted as it is out of time and because the statute of limitations ran out in August 2002, two years following his most recent claim, we ask this court to find the claim to be frivolous and that the dismissal should count as a strike for purposes of the Prisoner Litigation Reform Act.

                                        RICHARD A. DEVINE
                                        State's Attorney of Cook County

By:   s/Francis J. Catania  ARDC#6203188
          Francis J. Catania
          Assistant State's Attorney
          Richard J. Daley Center
          50 W. Washington Street Room 500
          Chicago, Il 60602
          (312) 603-6572