Order Form (01/2005)

MHN

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 0604 | DATE | 4-25-2008 |
| CASE TITLE | Harold Robinson (#N-71459) vs. Michael Sheahan, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to strike [#23] is denied. The court remains satisfied that this action is time-barred. The dismissal of this case counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by subjecting him to multiple illegal searches and seizures. More specifically, the plaintiff alleges that following arrests on eight occasions between March 1987 and August 2000, he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis. By Minute Entry of April 7, 2008, the court dismissed the complaint as time-barred. This matter is before the court for ruling on the plaintiff's motion to strike the defendants' motion to dismiss.

The motion is denied. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). The statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury). *Limestone Development Corp. v. Village of Lemont, Ill.*, 2008 WL 852586, at *2 (slip op., 7th Cir. Apr. 1, 2008) (citations omitted). There is no question that the plaintiff was aware of the challenged procedure each time it was performed on him; it is irrelevant that he did not know that he might have a cause of action in tort law before 2008.

For the foregoing reasons, the court's dismissal order stands. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

mjm